GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California  94114
Telephone: (415) 378-2625
Facimilie: (415) 487-1211 X32
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PVT

CASE NO.: CV 08    4050

)
)
)
) COMPLAINT:
)
IO GROUP, INC., a California corporation,    )
)
Plaintiff,    )
)
vs.    )
)
ANTELOPE MEDIA, LLC, an Arizonian    )
limited liability company, and DOES 1    )
through 5 inclusive,    )
)
Defendants.    )
)
)
)
)
)
)
)
)
)
)
)

**(1) COPYRIGHT INFRINGEMENT (reproduction, public performance and public display);**
**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**
**(3) VICARIOUS COPYRIGHT INFRINGEMENT;**
**(4) INDUCEMENT OF COPYRIGHT INFRINGEMENT;**
**(5) TRADEMARK INFRINGEMENT (False Designation of Origin);**
**(6) MISAPPROPRIATION OF RIGHT OF PUBLICITY (Common Law and Cal. Civ. Pro. § 3344);**
**(7) UNFAIR BUSINESS PRACTICES (Cal. B&P Code §17200 and 18 U.S.C. §2257); and**
**(8) AN ACCOUNTING**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.      This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its creative works by defendants ANTELOPE MEDIA, LLC, (hereinafter ANTELOPE MEDIA) an Arizonian limited liability company, and DOES 1 through 5 and to enjoin defendants from future infringement.  Defendants reproduced, distributed and publicly displayed certain Titan Media-owned works by and through monstercocktube.com, an Internet website which ANTELOPE MEDIA owns, operates and controls.

## THE PARTIES

2.      Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.  Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

3.      Defendant ANTELOPE MEDIA, LLC, is a limited liability company organized under the laws of the State of Arizona.  ANTELOPE MEDIA does business as monstercocktube.com and operates a website at monstercocktube.com, where individuals post video files for others to view.  ANTELOPE MEDIA earns revenue by selling memberships to view the video files it obtains from individuals and also sells advertising displayed from monstercocktube.com.  ANTELOPE MEDIA directly competes with plaintiff in the distribution and sale of adult-oriented, audiovisual works by and through the Internet.

4.      The true names and capacities, whether individual, corporate, affiliate, or otherwise, of Defendant DOES 1-5, inclusive, are presently unknown to plaintiff, and for that reason those defendants are sued by such fictitious names.  Plaintiff is informed and believes and

-2-

based thereon alleges that each of the DOE defendants is in some way responsible for the damages herein alleged. Plaintiff will amend this Complaint when the true names and capacities of the DOE defendants become known.

5.      Plaintiff is informed and believes and based thereon alleges that each of the defendants, including the fictitiously named DOE defendants, was and is the agent and representative of the other defendants, acting within the purpose and scope of said agency and representation. Plaintiff is further informed and believes and based thereon alleges that each of the defendants, including those fictitiously named DOE defendants, authorized and ratified the conduct herein alleged of each of the other defendants.

## JURISDICTION

6.      This is a civil action for injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.*; trademark infringement (false designation of origin), 15 U.S.C. §1125; misappropriation of the right of publicity under common law and California's Civil Code §3344; and unfair business practices under California's Business and Professions Code §17200, *et seq.*

7.      This Court has subject matter jurisdiction over plaintiff's claims for copyright infringement, trademark infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* 15 U.S.C. §1117 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a) and (b).

8.      This Court has supplemental jurisdiction over plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.    The Court has personal jurisdiction over defendants. Defendants solicit, transact, and are doing business within the State of California; have committed unlawful and tortuous acts both within and outside the State of California causing injury in California; and are regularly doing or soliciting business or engaging in a persistent course of conduct in the State. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendants.

## INTRADISTRICT ASSIGNMENT

10.    Since this action is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

11.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and (d); and 1400(a).

## FACTS COMMON TO ALL CLAIMS

12.    Plaintiff Io Group, Inc. produces and distributes adult-oriented audiovisual works under the registered marks TitanMedia®, TitanMen®, ManPlay®, and MSR Videos®. Additionally, plaintiff maintains a website by and through which individuals who purchase either a monthly subscription or a "per view" fee (pay-per-view or video-on-demand) may view its photographic works and audiovisual content.

13.    Plaintiff additionally sells the audiovisual works it produces in DVD format through various wholesale companies for further retail distribution and through third party licensees including mobile phone companies and third party video-on-demand websites.

14.    As technology changes and improves the types and amounts of entertainment individuals can enjoy increases. Individuals are able to quickly access and/or download a wide

-4-

range of video files. Businesses, including plaintiff's business have taken advantage of these new technologies to deliver entertainment options to potential customers.

15.    Unfortunately, rapidly changing technologies have also provided increased opportunity for those wishing to circumvent the rights of copyright holders. Some businesses have created and/or operated Internet websites that blatantly copy and infringe audio visual works belonging to others. Defendants operate just such a business.

16.    Defendants have used technological advancements to engage in massive willful infringement of copyrights belonging to plaintiff and others and has thus deprived plaintiff of the lawful rewards that accompany creativity, effort and entrepreneurship. Defendants' blatant disregard for copyright laws threatens plaintiff's business and the businesses of others.

17.    Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

18.    The audiovisual works at issue in this action are of obvious high production value and are easily discernable as professional works. Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created the works using professional grade cameras, lighting and editing equipment.

19.    monstercocktube.com, the offending website at issue in this action and the website from which plaintiff's works are being infringed, is registered to Antelope Media., LLC, 304 East Beth Drive, Phoenix, Arizona, 85042.

COMPLAINT

20.    Defendants solicit individuals to supply gay oriented, adult themed, sexually explicit works for reproduction, distribution and public display by and through the highly interactive website monstercocktube.com.  Individuals supply thousands of videos many of which belong to plaintiff and other producers and which are transferred and exploited without authorization.

21.    Plaintiff is informed and believes and based thereon alleges that after individuals supply defendants with video files, defendants, reproduce, reformat and publicly display the works without determining the ownership of the works, without properly licensing the works, without evaluating the rights of publicity of the individuals appearing in the works, and without verifying the age of the individuals appearing in the works.

22.    Defendants earn revenue by selling memberships to view the video files it obtains from individuals and by selling advertising space, to entities whose advertisements then appear on the website during the display and performance of the video files.

23.    Plaintiff is informed and believes and based thereon alleges that each act of infringement complained of herein occurred from the base domain monstercocktube.com and occurred on computer servers owned, operated and/or controlled by defendants.  Plaintiff is further informed and believes and based thereon alleges that defendants host monstercocktube.com on servers located in Egg Harbor, New Jersey and have registered the domain name through a domain registrar with its company headquarters located in Poway, California.

24.    Plaintiff is informed and believes and based thereon alleges that defendants' unauthorized reproduction, public display and distribution of plaintiff's works serve as a draw, attracting many individuals to purchase memberships to access monstercocktube.com.

COMPLAINT

25.    Defendants actively engage in, promote and induce copyright infringement. Defendants reproduce, distribute and publicly display Io Group's works on monstercocktube.com.

26.    Plaintiff's employees discovered and documented that defendants have reproduced and are displaying and distributing by and through monstercocktube.com at least five (5) unauthorized video files of Io Group works and that customers have viewed those unauthorized files over fourteen thousand (14,000) times.

27.    Plaintiff is informed and believes and based thereon alleges that defendants' business plan depends on the uploading, posting, display and performance of copyrighted audiovisual works belonging to Io Group, Inc. and others.  In other words, defendants deliberately and knowingly built a library of infringing works to draw Internet traffic to the subject website, enabling defendants to sell memberships to view the works while also increasing the value of their business and earning vast amounts of revenue.

28.    Plaintiff is informed and believes and based thereon alleges that defendants have deliberately chosen not to take reasonable precautions to deter the rampant copyright infringement on the monstercocktube.com website.  Defendants make no attempt to indentify the individuals providing the works, where the individuals obtained the works, or whether the individuals have authority to further reproduce and distribute the works.  Instead of attempting to monitor the uploading of works to their website, defendants have decided to shift the burden onto copyright owners to monitor the website on a continual basis to detect infringing files and to send notices to defendants demanding that they take down the infringing files.  Defendants have willfully chosen this approach because it allows them to profit from infringement while leaving copyright owners, such as plaintiff, with the continued expense of monitoring the website and without sufficient means to prevent continued infringement in the future.

COMPLAINT

29.     Prior to releasing its works into the market in DVD format, plaintiff marks each with plaintiff's copyright notice and its trademark.

30.     Prior to releasing its works into the market in DVD format, plaintiff also labels each work with plaintiff's true San Francisco business address and a statement that age authentication records are maintained at that address in accordance with the requirements of 18 U.S.C. §2257.

31.     Plaintiff displays its copyright mark and trademark predominantly on its website.

32.     Plaintiff also labels its website with its true San Francisco business address, indicating that age authentication records are maintained at that address in accordance with the requirements of 18 U.S.C. §2257.

33.     Defendants' infringements have harmed and continue to harm plaintiff and others who legally derive benefit from plaintiff's creative works.  If left unchecked, the continued infringements will undermine plaintiff and other creative enterprises that produce audiovisual works.  Plaintiff therefore has no choice but to seek immediate redress.

34.     Plaintiff seeks a declaration that defendants' conduct in reproducing, distributing and publicly displaying plaintiff's copyrighted works without authorization willfully infringes plaintiff's copyrights; a permanent injunction requiring defendants to employ reasonable methods and or technologies to prevent or limit infringement of plaintiff's copyrights; and statutory damages for defendants' past and present willful infringement, or actual damages plus profits.

### Violations of 18 U.S.C. §2257

35.     In addition to the above, defendants have committed acts of unfair competition by violating 18 U.S.C. §2257 and its governing regulations.  Plaintiff is informed and believes and

based thereon alleges that such violations include defendants' transfer and sale of actual sexually explicit content without proper labeling as required under 18 U.S.C. §2257.

36.     Plaintiff devotes significant resources, time and money to comply with 18 U.S.C. §2257.  Accordingly, as a direct and proximate result of the aforementioned acts, defendants receive and continue to receive an economic benefit by ignoring and violating 18 U.S.C. §2257 while operating monstercocktube.com.

37.     Plaintiff is informed and believes and based thereon alleges that defendants have engaged in, and are engaging in, fraudulent, unfair, and unlawful conduct including, without limitation, selling or otherwise transferring actually sexually explicit material without the required age verification label affixed.

## FIRST CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. §501)

### Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

38.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39.     Each of the works known to be infringed as alleged in this action are registered to plaintiff with the United States Copyright Office.  Those works and their corresponding U.S. Copyright Registration Numbers are set forth in Exhibit A.

40.     At all times relevant hereto, plaintiff has been the producer and registered owner of the audiovisual works reproduced, distributed and publicly displayed by defendants by and through the website monstercocktube.com as complained of herein.

41.     Defendants reproduced, reformatted, publicly displayed, and distributed plaintiff's copyright protected works by and through servers and/or other hardware owned, operated and/or controlled by defendants.

### Defendants Willfully Infringed Plaintiff's Registered Copyrights

42.     Defendants infringed the copyrights in plaintiff's creative works by reproducing, distributing, and publicly displaying the works by and through the monstercocktube.com website without proper approval or authorization of plaintiff.

43.     Defendants knew they did not have permission to exploit plaintiff's works on the monstercocktube.com website and knew or should have known their acts constituted copyright infringement.

44.     Plaintiff is informed and believes and based thereon alleges that defendants made no attempt to discover the proper owners of the works before exploiting them, nor did they take measures to determine whether the works had been properly licensed.

45.     Defendants' conduct was willful within the meaning of the Copyright Act.  At a minimum, defendants acted with willful blindness to and in reckless disregard of plaintiff's registered copyrights.

46.     As a result of their wrongful conduct, defendants are liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

47.     Plaintiff is entitled to recover damages, which include its losses and any and all profits defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

48.     In addition, because defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

49.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Plaintiff has no adequate remedy at law for defendants' wrongful conduct because, among other things, (a) plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) defendants' infringement harms plaintiff's business reputation and goodwill such that plaintiff could not be made whole by any monetary award, and (c) defendants' wrongful conduct, and resulting damage to plaintiff is continuing.  Pursuant to 17 U.S.C. §502, plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting further infringement of plaintiff's copyrights.

50.     In addition, plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

51.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

52.     Without authorization, individuals have reproduced, distributed and publicly displayed plaintiff's works by and through monstercocktube.com  thereby directly infringing plaintiff's copyrighted works.

53.     Defendants contributed to the infringing acts of those individuals and allowed and encouraged those individuals to reproduce, distribute and publicly display plaintiff's works by and through monstercocktube.com without regard to the ownership of the works.

COMPLAINT

54.    Defendants had knowledge of those infringing acts.

55.    The acts and conduct of defendants, as alleged above in this Complaint constitute contributory copyright infringement.

### THIRD CAUSE OF ACTION

### (Vicarious Copyright Infringement)

56.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55, inclusive.

57.    Without authorization, individuals have reproduced, distributed and publicly displayed plaintiff's works by and through monstercocktube.com thereby directly infringing plaintiff's copyrighted works. Defendants had the right and ability to control the infringing acts of the individuals who provided plaintiff's works to monstercocktube.com as described above.

58.    Defendants obtained a direct financial benefit from those infringing activities.

59.    The acts and conduct of defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

### FOURTH CAUSE OF ACTION

### (Inducement of Copyright Infringement)

60.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 59, inclusive.

61.    Defendant has designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials. As a direct and proximate result of such inducement individuals have infringed plaintiff's copyrighted works by reproducing, distributing and publicly performing such works by and through monstercocktube.com.

COMPLAINT

62.    Defendants' acts of inducement of infringement were willful, in disregard of and with indifference to plaintiff's rights.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement - False Designation of Origin)

63.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 62, inclusive.

64.    Plaintiff Io Group, Inc. has applied for and registered the marks TitanMedia®, TitanMen®, and ManPlay® with the United States Patent and Trademark Office.  Io Group has also obtained through assignment the mark MSR Videos®.

65.    Defendants provide identical services as plaintiff, to the same market, namely, providing gay adult content for viewing via the Internet.  Defendants compete directly with plaintiff.

66.    Defendants display Io Group's works on the website, monstercocktube.com and displays the mark "monstercocktube.com" above and immediately adjacent to the works as they display.

67.    Defendants' use of the mark "monstercocktube.com" in connection with displaying Io Group's works constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the works displayed on and distributed by and through the website monstercocktube.com.  Defendants' use has a tendency to deceive or confuse consumers into believing that defendants' services are affiliated with Io Group's works, are sponsored or approved of by Io Group, or are otherwise associated with or authorized by Io Group.

-13-

68.     By engaging in the activities described above, defendants have made and are making false, deceptive, and misleading statements constituting unfair competition, false representations, false designation of origin, and false advertising made in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Plaintiff is informed and believes and based thereon alleges that defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of plaintiff, and with the purpose an intent of confusing the relevant trade and public into mistakenly believing that defendants' services are associated with, affiliated with, or licensed by plaintiff.

70.     Defendants' acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Io Group and its TitanMedia®, TitanMen®, ManPlay® and MSR Videos® marks and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Io Group with no adequate remedy at law.

71.     By reason of the foregoing, Io Group is entitled to injunctive relief against defendants, restraining further acts of unfair competition, false designation of origin, and false advertising, and to recover attorneys' fees and any damages proven to have been caused by reason of defendants' aforesaid acts of unfair competition, false designation of origin, false representation, and false advertising.

///

///

///

-14-

COMPLAINT

## SIXTH CAUSE OF ACTION

(Misappropriation of the Right of Publicity (Common Law and Cal. Civ. Pro. § 3344)

72.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 71, inclusive.

73.     Plaintiff's copyrighted works embody images of performers all of whom executed written agreements through which plaintiff became the exclusive proprietor of the actors' rights of publicity in the performances embodied in plaintiff's creative works.

74.     All rights of publicity in respect to those images have at all times been exclusively administered from within San Francisco, California.

75.     Defendants infringed the rights of publicity owned and controlled by plaintiff by displaying audiovisual works of the performers for commercial gain without plaintiff's consent.

76.     As a direct and proximate result of defendants' conduct as aforesaid, plaintiff has been damaged by lost income in an amount to be determined at trial.

77.     Defendants acted deliberately to injure plaintiff and otherwise in conscious disregard of plaintiff's rights.  Further, defendants performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of plaintiff's rights.

78.     The acts and conduct of defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity pursuant to the common law of California.

79.     The acts and conduct of defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity in the form of the unauthorized commercial use of a photograph in violation of California Civil Code §3344.

80.     Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in losses to plaintiff and illicit gain of profit to defendants in an amount unknown at the present time.

81.     Plaintiff is informed and believes, and based thereon alleges, that the aforementioned acts of defendants were willful, oppressive, fraudulent and malicious and therefore, defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish defendants and to make an example of them to others as provided for in Cal. Civ. Code § 3344(a).

### SEVENTH CAUSE OF ACTION

(Unfair Business Practices - Cal. Bus. & Prof. Code §17200 - Violation of 18 U.S.C. §2257)

82.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 81, inclusive.

83.     California Business & Professional Code §17200 et seq. provides for injunctive and other relief against any "unlawful, unfair or fraudulent business act or practice."  As set forth above, defendants are engaged in, and, unless restrained, will continue to engage in unfair and fraudulent conduct, and unlawful conduct under the 18 U.S.C. §2257.

84.     Defendants are distributors of sexually explicit material within the meaning of 18 U.S.C. §2257 and its governing regulations.

85.     Beginning at an exact date unknown to plaintiff but at least as early as May 2007, defendants have committed acts of unfair competition, as defined by Business and Professions Code Section 17200, by violating 18 U.S.C.§2257 and its governing regulations.  Plaintiff is informed and believes and based thereon alleges, such violations include defendants failure to

follow the labeling requirements pursuant to 18 U.S.C. §2257, for the videos and video clips

shown on their website, monstercocktube.com.

86.    Defendants' aforesaid failure to follow the labeling requirements violate 18 U.S.C.

§2257 and, consequently, constitutes an unlawful business practice within the meaning of

Business & Professions Code §17200, *et seq.*

87.    As a direct and proximate result of the aforementioned acts, defendants receive and

continue to receive an economic benefit by violating 18 U.S.C. §2257.

88.    Defendants have engaged in, and are continuing to engage in, fraudulent, unfair and

unlawful conduct including, but not limited to, transferring or selling actually sexually explicit

material without proper labeling as required under 18 U.S.C. §2257.

89.    Injury to plaintiff is continuing and will continue unless defendants' actions are

restrained by the Court.  Unless defendants are enjoined from engaging in their wrongful conduct,

plaintiff will suffer further irreparable injury and harm, for which plaintiff has no adequate remedy

at law.

90.    Plaintiff is entitled to a permanent injunction, and a preliminary injunction pending

the hearing and final determination of this action, enjoining defendants from the acts of unfair,

unlawful and fraudulent business practices set forth above, and to reasonable attorneys' fees and

costs of suit.

## EIGTH CAUSE OF ACTION

### (Accounting)

91.    Plaintiff repeats and incorporates by this reference each and every allegation set

forth in paragraphs 1 through 90, inclusive.

92.     Plaintiff is entitled, pursuant to 17 U.S.C. § 504, to statutory damages or plaintiff's actual damages and all defendants' profits attributable to the illegal acts herein described.

93.     The amount of compensatory damages due from defendants to plaintiff is unknown to plaintiff and cannot be ascertained without a detailed accounting by defendants of the precise number of visitors to defendants' website, the number of views of plaintiff's works from defendants' website and the amount of income generated by the website.

94.     Accordingly, plaintiff is entitled to and hereby demands a full accounting from defendants.

## JURY DEMAND

95.     Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)     That the Court enter a judgment declaring that defendants have:

    a.  willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501 through its direct, contributory, vicarious, and inducing acts;

    b.  willfully violated plaintiff's registered trademarks;

    c.  willfully violated plaintiff's assigned rights of publicity in violation of California common law and Cal. Civ. Code §3344; and

    d.  otherwise injured the business reputation and business of plaintiff by defendants' acts and conduct set forth in this Complaint;

(2)     That the Court issue injunctive relief against defendants, and that defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with it, be enjoined and restrained from copying, posting or making

COMPLAINT

any other infringing use or infringing distribution of plaintiff's audiovisual works, photographs or other materials;

(3)     That the Court issue injunctive relief against defendants, and that defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with it, be enjoined and restrained from engaging in further acts of unfair competition, false designation of origin, and false advertising;

(4)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendants' possession or under their control;

(5)     That the Court enter an order requiring a full and complete accounting of all amounts due and owing to plaintiff as a result of defendants' illegal activities;

(6)     That the Court order defendants to pay plaintiff's general, special, actual and statutory damages as follows:

        a.   Plaintiff's damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, maximum enhanced statutory damages of $150,000 per infringed work pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights;

        b.   Plaintiff's damages and defendants' profits or alternatively statutory damages pursuant to 15 U.S.C. §1117;

        c.   Plaintiff's damages and defendants' profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344, plus punitive damages pursuant to Cal. Civ. Code §3344; and

COMPLAINT

d. Pursuant to Business and Professions Code §§ 17203 and 17535, and pursuant to the equitable powers of this Court, plaintiff prays that the Court order defendants to restore all funds acquired by means or any act or practice found by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code §17200 *et seq.*

(7) That the Court order defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504, 15 U.S.C. §1117, Cal. Civ. Code § 3344(a); and Cal. Code Civ. Pro. §1021.5.

(8) That the Court order defendants to pay pre and post judgment interest according to law; and

(9) That the Court grant to plaintiff such other and additional relief as is just and proper.

Dated: 8/25/08

Respectfully submitted,

GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

-20-

COMPLAINT

<u>CERTIFICATION OF INTERESTED PERSONS</u>

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 8.25.2008

Respectfully submitted,

GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

-21-

COMPLAINT

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA | Antelope Media, LLC, an Arizonian Limited Liability Company and DOES 1-5, individuals |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Francisco (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Gill Sperlein, The Law Office of Gill Sperlein  415-378-2625 584 Castro Street, Suite 849, San Francisco, CA 94114 | ATTORNEYS (IF KNOWN)  E-filing |
|---|---|

PVT   ADR

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury Med Malpractice ☐ 365 Personal Injury Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 RR & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt Relations ☐ 730 Labor/Mgmt Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl.Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☑ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (US Plaintiff or Defendant) ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Satellite TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 Amer w/ disab - Empl ☐ 446 Amer w/ disab - Other | **PRISONER PETITIONS** ☐ 510 Motion to Vacate Sentence Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____   CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  8/25/08   SIGNATURE OF ATTORNEY OF RECORD

# ATTACHMENT A

| Title | Registration Number |
|---|---|
| *110° in Tucson* | PA 1-290-634 |
| *Cirque Noir* | PA 1-304-272 |
| *Crossing the Line* | PA 1-366-927 |
| *Telescope* | Pending |
| *Sea Men Fallen Angel V* | PA 1-065-767 |